UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **MELVIN JONES, JR.,** | ) | 1:05-CV-00410 OWW DLB |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| **DAVID STRANGIO,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    This is the fourth complaint filed in this court by Plaintiff Melvin Jones regarding his family law case in state court. (*Jones v. State of California,* 1:04-cv-6566, was voluntarily dismissed by Plaintiff on February 28, 2005; *Jones v. Strangio*, 1:04-cv-6567, was dismissed with prejudice on March 16, 2005; and an order to show cause re: dismissal was issued in *Jones v. Tozzi*, 1:05-cv-0148.)  The present complaint, brought under 42 U.S.C. §§ 1981, 1985, and 1986, names Donald Strangio as the sole defendant.  Mr. Strangio was also named as a defendant in *Jones v. Strangio*, a case brought under 42 U.S.C. § 1983.  The instant case and Jones v. Strangio are based on the same operative set of facts.

    A March 16, 2005 order issued in *Jones v. Strangio* concluded that Mr. Strangio was absolutely immune from suit under the doctrine of quasi-judicial immunity.  *See* Doc. 72 in 1:04-cv-

06567, filed Mar. 16 2005). Plaintiff's conclusory assertion that "Defendant Strangio has no immunity from this civil action," Doc. 1, filed 05-00410, is incorrect. Quasi-judicial immunity applies with equal force to claims brought under § 1981, § 1985, and § 1986. *See Mills v. Killebrew,* 765 F.2d 69 (6th Cir. 1985) (applying quasi judicial immunity to bar suit brought under §§ 1983, 1985, and 1986 against mediators); *Morrison v. Jones,* 607 F.2d 1269, 1273 (9th Cir. 1979)(applying quasi-judicial immunity to suit brought under § 1981).

Moreover, Plaintiff's latest complaint would be barred in any event by the doctrine of res judicata. Res judicata "bars relitigation of all grounds of recovery that were asserted, *or could have been asserted*, in a previous action between the parties, where the previous action was resolved on the merits. It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *Tahoe Seirra Preservation Council Inc., v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003).

Accordingly, Plaintiff's complaint is **DISMISSED WITH PREJUDICE.** This docket is now closed and no further filings will shall be accepted by the clerk in this case. Plaintiff is cautioned that the filing of meritless or vexatious claims is not permissible.

**SO ORDERED.**

**Dated: April 20, 2005**

                                                        **/S/ Oliver W. Wanger**

                                                       **Oliver W. Wanger**
                                     **UNITED STATES DISTRICT JUDGE**